LEE *v.* WAYNE CIRCUIT JUDGE.

EQUITY—REFERENCE—CAUSE MUST BE AT ISSUE BEFORE REFERENCE
TO COMMISSIONER.

> 3 Comp. Laws 1915, § 12489, authorizing the circuit judge
> to refer a cause in chancery to a circuit court commis-
> sioner for the taking of testimony, contemplates that
> the cause shall be at issue before such reference is made,
> and therefore the judge is without power to so refer a
> cause before the order of publication against certain of
> the defendants has expired.[1]

Mandamus by Arthur V. Lee to compel Henry A.
Mandell, circuit judge of Wayne county, and another
to set aside an order of reference.   Submitted June
9, 1925.   (Calendar No. 31,962.)   Writ granted
July 16, 1925.

*Routier, Nichols & Fildew,* for plaintiff.

*Harold A. Sleeper,* for defendants.

BIRD, J.   Plaintiff files petition for mandamus to
compel defendant as circuit judge to set aside a certain
order made by him on March 6, 1925.   The case out
of which this controversy grows is Lee *v.* seventeen
defendants.   Plaintiff charges them with fraud in
connection with a real estate deal.   The case was
commenced on December 2, 1924.   Service was ob-
tained on ten of the defendants.   Subsequent to the
court's order complained of service was had on three
of the seven.   The defendants who had appeared
made an *ex parte* motion to advance the cause on the
calendar.   This motion was granted, and the court,
on his own initiative, referred the case to Henry G.

---

[1] Equity, 21 C. J. § 754.

Nicol, circuit court commissioner, for the taking of testimony on March 30th.     Upon March 25th an order of publication was issued against the other four, which would expire on June 25th.     Plaintiff filed a motion asking defendant Mandell to set aside or extend his order and pointed out to him that the order of publication would not expire until June 25th.     This motion was denied.

We think the defendant exceeded his powers.     The case appears to have progressed as rapidly as the majority of cases.     It is true the statute gives the circuit judge the power to refer the matter to the commissioner.     3 Comp. Laws 1915, § 12489.     This section reads:

"In all chancery cases, the testimony shall be taken in open court as in suits at law, unless the court shall specially order a reference to a circuit court commissioner, or other person authorized by law to administer oaths, to take such testimony."     *     *     *

We think that this section of the statute contemplates that a cause shall be at issue before it shall be referred to a circuit court commissioner to take testimony.     Under these circumstances and under the rules of court the trial court could not have set the case down for hearing and taken the testimony himself, and if he were not authorized to take the testimony himself he could not authorize a circuit court commissioner to take it.

Defendant Mandell shows in his return that plaintiff had in his possession a large property and an injunction had issued inhibiting defendants, or any of them, from ousting him; that no bond had been given; that he was desirous of hastening the litigation or requiring a bond.     There might be reason for ordering a bond, but it does not furnish a reason for attempting to order plaintiff to try his case piecemeal, and issuing

an order for the taking of testimony before the case was at issue.

If there is any necessity for the writ it may issue, with costs to the plaintiff.

McDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.